IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEE WARD,

     Plaintiff,

v.

FIGURE LENDING, LLC,

     Defendant.

CIVIL ACTION NO.
1:23-cv-00516-MLB-RDC

## **ORDER ON A MOTION TO TRANSFER VENUE**

Pending before the Court are Defendant Figure Lending, LLC's Motion to Transfer Venue, (Doc. 3); Motion to Dismiss for Failure to State a Claim, (Doc. 4); and Motion for Relief to Disregard Plaintiff's Notice of Subsequent Development, (Doc. 24); along with Plaintiff Lee Ward's Motion for Leave to File Amended Complaint, (Doc. 19). For the following reasons, the undersigned **GRANTS** Defendant's Motion to Transfer Venue and **DEFERS** resolution of the remaining motions for consideration by the transferee Court.[1]

---

[1] The undersigned resolves the Motion to Transfer Venue by Order, as it is a non-dispositive matter. *See Buchanan v. PCC Airfoils, LLC*, No. 1:20-CV-4108-TCB-CCB, 2021 WL 5445458, at *2 n.1 (N.D. Ga. Feb. 8, 2021); *MobileMedia Ideas LLC v. Samsung Elecs. Co.*, No. 8:16-CV-1316-T-23MAP, 2017 WL 3720954, at *1 n.3 (M.D. Fla. Mar. 28, 2017) ("Transfer of venue is a non-dispositive pretrial matter, which a magistrate judge may determine . . . ."); *see also Owens v. Carter*, No. 5:13-CV-299 MTT, 2015 WL 867063, at *1 (M.D. Ga. Feb. 26, 2015) (reviewing for clear error a magistrate judge's order denying a motion to transfer).

## I. BACKGROUND

Plaintiff asserts against Defendant claims under the Truth in Lending Act, 15 U.S.C. 1601 *et seq.*, and under state law for breach of contract and unjust enrichment. (Doc. 1-1). Plaintiff initially filed his complaint in the Superior Court of Gwinnett County, Georgia, and in February 2023, Defendant removed the action to this Court. (Doc. 1).

According to Plaintiff's complaint, he applied for a home equity line of credit ("HELOC") from Defendant in 2019. (Doc. 1-1). He alleges that Defendant intentionally misrepresented the terms of, and costs associated with, the HELOC. Plaintiff alleges that he never would have proceeded with the HELOC if he had been accurately informed of its terms, including the higher-than-industry-standard origination fee and higher-than-expected monthly payments.

Plaintiff ultimately decided to sell his home and use the proceeds to pay off Defendant in full. Plaintiff's closing firm requested a payoff amount for the loan, and Defendant provided a figure that purportedly included excessive interest and improper fees. Plaintiff paid the amount requested by Defendant in full, but Defendant continued to send him threatening notices that he owed further payments. Plaintiff additionally asserts that Defendant's misconduct with respect to his loan is identical to the manner in which it treated members of multiple putative national classes.

Relevant to the issue of venue, Plaintiff is a United States citizen currently living and working outside of the United States. Defendant is incorporated in Delaware, and its principal place of business is in North Carolina.[2] The subject HELOC was secured by a property located in Arizona. Plaintiff previously lived at the subject property but sold it before he moved outside of the United States. The HELOC agreement provides that, to the extent not preempted by federal law, the laws of the state in which the property is located—in this case, Arizona—will govern its terms.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The statute is a kind of "federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts." *Van Dusen v. Barrack*, 376 U.S. 612, 636 (1964). It purposefully allows for an "easy change of venue within a unified federal system," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265 (1981), so that the interests of justice may be promoted while protecting "litigants, witnesses

---

[2] While Plaintiff's complaint asserts that Defendant's principal place of business is in California, the parties appear to agree that its principal place of business is in North Carolina and Defendant's "main office" is in California. (*See* Docs. 1-1, 18, 20).

and the public against unnecessary inconvenience and expense," *Van Dusen*, 376 U.S. at 616.

Accordingly, the principal guiding criteria on review of a motion to transfer venue are: (i) the convenience of the parties; (ii) the convenience of witnesses; and (iii) the interests of justice. *Nam v. U.S. Xpress, Inc.*, No. 1:10-CV-3924-AT, 2011 WL 1598835, at *6 (N.D. Ga. Apr. 27, 2011). In the Eleventh Circuit, these considerations are further ramified into nine distinct factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

District courts are vested with broad discretion to order transfer after weighing the above factors. *Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1339 (N.D. Ga. 2015). The movant bears the burden of showing that the balance of Section 1404(a) factors strongly favors transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). While a court generally entitles great weight to a Plaintiff's choice of forum, it is accorded less weight when there is no significant connection between the chosen forum and underlying claims. *Silong v. United States*, No. 5:05-CV-55-OC-10GRJ, 2006 WL 948048, at *2 (M.D. Fla. Apr. 12, 2006)

4

### III. DISCUSSION

The question of whether to transfer venue is a two-step inquiry. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012). First, the proposed alternative venue must be one in which the action could originally have been brought by the plaintiff. *Id.*; 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division *where it might have been brought . . . .*" (emphasis added)). The second step requires the Court to balance the Section 1404(a) factors. *Collegiate Licensing Co.*, 842 F. Supp. 2d at 1366.

As to the first step in the analysis, there appears to be no dispute that this action could have been brought in the U.S. District Court for the District of Arizona.[3] While the parties disagree about the following events' significance to the venue transfer analysis, they do agree that: the subject HELOC was secured by a property in Arizona, Plaintiff lived in Arizona when he applied for the HELOC, the HELOC originated in Arizona, and he was still in Arizona when he sold the property and used the proceeds to pay off the HELOC. Thus, Plaintiff could have filed this action in the District of Arizona because "a substantial part of the events or omissions

---

[3] The undersigned notes that venue in this Court is proper because this action was removed from state court based on original jurisdiction. *See* 28 U.S.C. § 1441(a). While a defendant who has properly removed a case from state court under 28 U.S.C. § 1441(a) cannot obtain dismissal of the case based on improper venue, it can seek a transfer to another district, as Defendant has done here. *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001).

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" there. *See* 28 U.S.C. § 1391(b)(2). Accordingly, this case is eligible for transfer to that district.

The undersigned now turns to the question of whether transfer is warranted by considering and weighing the Section 1404(a) factors. After careful review, the undersigned concludes the factors balance in favor of transfer.

### A. Convenience of the Witnesses

The convenience of witnesses is the most important Section 1404(a) factor. *Collegiate Licensing Co.*, 842 F. Supp. 2d at 1366. When considering the convenience of witnesses, the focus is on the willingness and ability of *non-party* witnesses to testify in the forum. *PuffCuff, LLC v. Quality Plastic Prod., Inc.*, No. 1:21-CV-04663-SEG, 2022 WL 3700103, at *3 (N.D. Ga. June 2, 2022). "The weight accorded to party witnesses is limited." *Griffin Cap. Co., LLC v. Essential Props. Realty Tr., Inc.*, No. 1:18-CV-4255-MHC, 2019 WL 5586547, at *4 (N.D. Ga. Jan. 18, 2019). Non-party witnesses' convenience carries more weight on the decision to transfer because they have less interest in the proceedings and, thus, may be less willing to appear. *Internap Corp.*, 114 F. Supp. 3d at 1340. In addition to the witnesses' location and the forum that will be more convenient for them, a court must also determine whether they are "key witnesses"—that is, those with

6

information relevant to the question of liability. *See Griffin Cap. Co., LLC*, 2019 WL 5586547, at *4.

Defendant asserts that employees of Plaintiff's closing firm who facilitated the sale of his property and his payoff of the HELOC are key witnesses located in Arizona. Based on the allegations in Plaintiff's complaint, the undersigned agrees that the closing firm employees will have evidence concerning their communications with both parties regarding the sale of the subject property and payoff of the subject HELOC. At the very least, the latter set of communications is relevant to Plaintiff's claim that Defendant intentionally provided him an inaccurate payoff amount.

Furthermore, while the parties disagree about the closing firm employees, they agree that Defendant's employees and Plaintiff will be key witnesses. Even though Plaintiff contends travel to this District is more convenient for him, he will be traveling internationally either way. *See Moss & Assocs., LLC v. E Light Elec. Servs., Inc.*, No. 1:16-CV-702-WSD, 2016 WL 4578144, at *5 (N.D. Ga. Sept. 2, 2016) (rejecting a plaintiff's argument that the Northern District of Georgia was a more convenient forum because it was easier for non-party witnesses to fly to Atlanta and finding that the convenience of the witnesses favored transfer). The undersigned finds misguided Plaintiff's assertion that this District is more convenient for Defendant employees whose principal place of business is in North Carolina because, as already noted, the parties agree that Defendant's "main office" is in

7

California, which is significantly closer to the District of Arizona than this District. Importantly, neither party has identified any key non-party witnesses for whom the Northern District of Georgia would be a more convenient forum. *See Am. Spirit & Cheer Essentials, Inc. v. Varsity Brands, LLC*, No. 1:20-CV-03088-SCJ, 2020 WL 8115878, at *13 (N.D. Ga. Oct. 27, 2020) (finding that the convenience-of-the-witnesses factor favored transfer because the plaintiffs failed to identify key witnesses in the forum district and moving defendants had persuaded the Court that a number of their key party witnesses would reside in the transferee district).

The only non-party witnesses identified in this action were in Arizona during the relevant time—and presumably are still located there—and Plaintiff will be required to travel internationally regardless of forum. For those reasons, the undersigned finds that this factor weighs in favor of transfer.

### B. Location of Documents and Other Proof

 "Since the predominance of electronic discovery in the modern era, most courts have recognized that the physical location of relevant documents is no longer a significant factor in the transfer inquiry." *Weintraub v. Advanced Corr. Healthcare, Inc.*, 161 F. Supp. 3d 1272, 1283 (N.D. Ga. 2015). Defendant asserts that the deed of trust granting its interest in the subject property was recorded in Arizona but does not allege that document would not be available through electronic discovery. Plaintiff contends that all relevant documents can be electronically

transferred. Accordingly, the physical location of any relevant records is of little consequence, and the undersigned finds this factor neutral as to transfer.

### C. Convenience of the Parties

In evaluating this factor, the Court must consider the net effect of transfer on the parties. *See Van Dusen*, 376 U.S. at 645–46 ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). In other words, a transfer under Section 1404(a) must do more than simply shift inconvenience from one party to another. *Internap Corp.*, 114 F. Supp. 3d at 1341.

Defendant contends that the District of Arizona would be a more convenient forum because it conducts business in Arizona, as evidenced by the consummation of Plaintiff's HELOC. As previously discussed, Plaintiff contends that the Northern District of Georgia is more convenient for him because he can take a direct flight to Atlanta from Peru, his current location, and would be required to take a connecting flight to travel to Phoenix.

As a preliminary matter, Plaintiff does not dispute Defendant's contention that his counsel being located in this District is irrelevant to the analysis. *See Ramsey v. Fox News Network*, LLC, 323 F. Supp. 1352, 1356 (N.D. Ga. 2004) ("[T]he convenience of counsel is not relevant to the issue of transferring venue."). Further,

9

Plaintiff concedes that he will have to engage in international travel regardless of venue.

The undersigned finds that this factor is neutral "[b]ecause travel will inconvenience the parties either way." *See Wish Atlanta, LLC v. Contextlogic, Inc.,* No. 4:14-CV-00051 CDL, 2014 WL 5091795, at *9 (M.D. Ga. Oct. 9, 2014). Neither party is located in this District, and Plaintiff will have to fly internationally to either forum. *See Protechna S.A. v. Greif, Inc.,* No. 1:06-CV-1060-TCB, 2007 WL 9702255, at *2 (N.D. Ga. Jan. 5, 2007) (finding that the convenience-of-the-parties factor weighed in favor of transfer to a defendant's preferred forum in part because the plaintiff, a foreign corporation, would have to travel regardless of forum). Additionally, if a class is approved in the putative class action, "plaintiffs will reside all over the country, meaning any two given states will likely be of equal convenience as a forum." *Huntley v. Chicago Bd. of Options Exch.,* 132 F. Supp. 3d 1370, 1374 (N.D. Ga. 2015) (quotation marks and citation omitted).

Each forum requires travel from both parties, and thus, this is not a situation where the transfer of forums simply shifts the inconvenience from one party to the other. Accordingly, this factor is neutral.

### D. Locus of Operative Facts

The location of the operative facts underlying a claim is a key factor in the venue transfer analysis. *Nat'l Trust Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.,* 223 F.

Supp. 3d 1236, 1245 (M.D. Fla. 2016). This factor considers the closeness of relation between the judicial forum and the cause of action—specifically, "the site of events from which the claim arises." *Id.* (quotation marks and citation omitted).

The parties do not dispute that the following events occurred in Arizona: Plaintiff's application for a HELOC, the origination of the HELOC, and his payoff to Defendant. Instead, Plaintiff argues that Defendant is a national organization and its corporate practices that caused his injuries were not isolated to Arizona but rather sprung from its principal place of business in North Carolina or its main office in California. Thus, while Plaintiff argues that Defendant's conduct occurred in Arizona, North Carolina, and California, he appears to concede that *none* of the events underlying this action occurred in *this* District. The locus of operative facts is not in this District and a significant portion of the relevant events—if not all the relevant events—occurred in Arizona. *See Sabol v. Ford Motor Co.*, No. 2:14-CV-543, 2014 WL 6603358, at *4 (S.D. Ohio Nov. 19, 2014) (granting motion to transfer when a plaintiff seeking to represent a class in a products liability action purchased the subject car and warranty in the transferee district, the plaintiff had identified no operative facts that occurred in the forum district, and no named plaintiff resided in the forum district). Therefore, this factor supports transfer.

### E. Availability of Compulsory Process for Witnesses

The ability to use compulsory process to obtain live testimony of key witnesses is an important factor to consider when weighing venue transfer because federal district courts do not have unlimited subpoena power. *See* Fed. R. Civ. P. 45(c); *Nam*, 2011 WL 1598835, at *10. The availability of compulsory process is neutral where "most witnesses are employees of the parties, [because] their attendance at trial could be ensured without resort to compulsory process." *Regenicin, Inc. v. Lonza Walkersville, Inc.*, No. 1:13-cv-3596-TCB, 2014 WL 11930591, at *6 (N.D. Ga. May 1, 2014). Likewise, because the availability of compulsory process concerns *unwilling* witnesses, this factor is of limited significance "where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary." *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1362 (S.D. Fla. 2001).

Defendant argues that this factor favors transfer because none of the witnesses who will potentially testify in this case—including its own employees, Plaintiff, and his closing firm—are located in this District. Plaintiff responds that Defendant has not identified any particular witnesses who will need to be compelled to testify.

While the undersigned has already found that the closing firm employees may have relevant testimony, Defendant has not shown that they would be unwilling to testify or that compulsory process would be necessary. To the extent the closing firm

12

employees needed to be compelled to testify, this District would not be able to compel them to appear, but the District of Arizona would. *See* Fed. R. Civ. P. 45(c); *see also Huntley*, 132 F. Supp. 3d at 1375 (finding that this factor favored transfer to Illinois because potential defense witnesses resided there and would not be subject to the subpoena power in Georgia). Nevertheless, at this stage of the proceedings, it appears that most witnesses will be employees of the parties or the parties themselves, and their attendance at trial can be ensured without resort to compulsory process. *See Regenicin, Inc.*, 2014 WL 11930591, at \*6. The undersigned therefore finds this factor neutral as to transfer.

### F. Relative Means of the Parties

The relative bargaining power and financial positions of the parties can also be a significant consideration in a transfer decision. *See Merswin v. Williams Cos., Inc.*, No. 1:08-CV-2177-TWT, 2009 WL 249340, at \*8 (N.D. Ga. Jan. 30, 2009). "In analyzing whether the relative means of the parties favors transfer, a court should determine whether a party's financial situation would meaningfully impede its ability to litigate [the] case in either forum." *Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d at 383 (quotation marks and citation omitted). The key question is whether one party is better positioned to bear the costs of a change in venue. *See Merswin*, 2009 WL 249340, at \*8.

13

Here, Plaintiff has decided to pursue this action despite his need to travel internationally. *See RWIP, LLC v. Grand Image, Ltd.*, No. 1:11-CV-01855-MHS, 2012 WL 13008640, at *5 (N.D. Ga. May 21, 2012) ("The Court finds that transferring this case to Washington would not pose an impediment to plaintiffs in light of the fact that they already chose to prosecute this case in a district in which they do not reside."). Plaintiff's only argument concerning financial hardship is that a flight to Arizona would cost more than a flight to Atlanta—although he has not provided an estimate of the difference in price. Significantly, Plaintiff has not alleged that his "financial situation would meaningfully impede [his] ability to litigate [the] case in either forum." *See Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d at 383. Nevertheless, as a corporation, Defendant will generally be better positioned to bear the financial strain of litigation. Thus, the undersigned finds this factor is neutral.

### G. Familiarity with Governing Law

While every federal court is obligated to apply the proper substantive law, it is more appropriate to try a case in the "forum that is at home with the state law that must govern the case." *Bell v. K Mart Corp.*, 848 F. Supp. 996, 1000 (N.D. Ga. 1994) (quotation marks and citation omitted), *rev'd in part on other grounds*, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996) (holding that an order transferring venue is not final and dismissing that part of the appeal for lack of appellate jurisdiction). Importantly, the subject HELOC agreement contains a

14

choice-of-law provision stating that the laws of the state where the subject property is located will govern its terms. (Doc. 3 at 6 n.1, Doc. 3-3 at 9); *see Am. Safety Cas. Ins. Co. v. Bio-Tech Sols., Inc*., No. CIV.A. 1:05-1CV3152J, 2007 WL 951529, at *6 (N.D. Ga. Mar. 26, 2007) (applying the well-established presumption in Georgia contract law that a party who signs a contract has notice of its terms to find that a defendant had notice of and consented to a contract's choice-of-law provision). Thus, Plaintiff's state law claims arise under Arizona law, with which the District of Arizona will be more familiar than this District. *See Am. Safety Cas. Ins. Co*., 2007 WL 951529, at *5 ("[W]hile a federal court in Texas can certainly apply the law of Georgia, a Georgia federal court is better equipped to do so."). Accordingly, this factor favors transfer.

### H. Plaintiff's Choice of Forum

Courts afford the general presumption in favor of a plaintiff's choice of forum significantly less deference "when a plaintiff files suit outside of its home forum or where the operative facts underlying the cause of action did not occur in the forum chosen by the plaintiff." *Fireman's Fund Ins. Co. v. Comtran Grp., Inc.*, No. 1:13-CV-1164-WSD, 2013 WL 12064285, at *5 (N.D. Ga. Oct. 7, 2013).; *Franks v. Cent. Garden & Pet Co.*, No. 1:06-CV-238-CAP, 2006 WL 8433524, at *1 (N.D. Ga. July 25, 2006) ("The plaintiff's choice of forum merits little deference here because the Northern District of Georgia is not the plaintiff's home forum."); *Bell*, 848 F. Supp.

at 1000 (less deference where plaintiff's chosen forum lacked any significant connection with the underlying claims).

The undersigned finds that Plaintiff's choice of venue is accorded less weight because he does not reside in this District and the operative events occurred in the District of Arizona. "Where as here, there is no significant connection between the Plaintiff's chosen forum and the underlying claims . . . it will be less difficult for defendant to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor." *Griffin Cap. Co., LLC*, 2019 WL 5586547, at *3; *see also* 17 Moore's Federal Practice § 111.13[1][c] (noting that "a motion to transfer to the district in which the events occurred is likely to succeed"). Moreover, "deference to a plaintiff's chosen forum is weakened where the plaintiff seeks to represent a nationwide class." *See Sabol*, 2014 WL 6603358, at *5 (collecting cases). Because Plaintiff does not reside in this District, the operative events did not occur in this District, and he seeks to represent a putative national class, the deference normally afforded his choice of forum is greatly reduced. Accordingly, this factor weighs only slightly against transfer.

### I. Interests of Justice

Finally, in addition to the largely private concerns of the parties reviewed above, the Court must consider "those public-interest factors [that] come under the heading of 'the interest of justice.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22,

16

30 (1988). This last factor serves as a catchall for considerations such as administrative efficiency, *see Huntley*, 132 F. Supp. 3d at 1375–76, local interests in "having localized controversies decided at home," *Bell*, 848 F. Supp. at 1000, and "all other practical problems that make trial of a case easy, expeditious and inexpensive," *Huntley*, 132 F. Supp. 3d at 1375 (citation omitted).

Here, the interests of justice support transfer. To start, "[o]ther than Plaintiff[']s choice to file suit in this Court, there is no connection between the underlying claims and [this District]." *See Silong*, 2006 WL 948048, at *3. Additionally, at this early stage of the proceedings, "there are no sunk costs that would tend to make the administration of this case more efficient in this Court than in any other." *Huntley*, 132 F. Supp. 3d at 1376; *see also Internap Corp.*, 114 F. Supp. 3d at 1342 (noting that the interests of justice favored transfer where the court had "not issued any substantive rulings in th[e] matter"). Discovery has not yet commenced in this case, and while the parties have filed additional motions, none of those motions have been ruled on by this Court.[4]

Furthermore, this District has no ties to the controversy and no particular interest in the parties or the subject matter. In contrast, the District of Arizona has an interest in adjudicating a dispute concerning a loan transaction that occurred in

---

[4] Moreover, Defendant requests that this Court consider its motion to dismiss only in the event it does not grant its motion to transfer. (Doc. 4-1 at 5 n.1).

its state. *See Silong*, 2006 WL 948048, at *4 (finding that the defendant established that the plaintiff's choice of forum was outweighed by the public interest factor, including that the underlying negligence occurred in the transferee district and the plaintiff did not live in the original forum). This is particularly true when considering that Plaintiff currently resides outside the United States but lived in Arizona during the relevant time, the underlying HELOC application and origination occurred in Arizona, any potential non-party witnesses live in Arizona, and Arizona law governs two of the claims in this matter. *See Moss & Assocs., LLC*, 2016 WL 4578144, at *6 (finding that the Section 1404(a) factors weighed in favor of transfer because the disputed project and performance of the relevant contract occurred in the transferee district, the transferee district had a greater interest in the outcome of the action, and a majority of the key non-party witnesses resided in the transferee district). Accordingly, the undersigned finds that the interests of justice weigh in favor of transfer.

In sum, the undersigned concludes that one factor supports not transferring this case—Plaintiff's choice of forum—while four factors support its transfer—the convenience of the witnesses, locus of operative facts, familiarity with governing law, and interests of justice. Therefore, the undersigned finds that Defendant has met its burden to show that the balance of Section 1404(a) factors strongly favors transfer, and its motion is due to be granted.

## IV. CONCLUSION

For the reasons stated above, the undersigned concludes that this action can be adjudicated more conveniently in the District of Arizona. Accordingly, Defendant's Motion to Transfer Venue, (Doc. 3), is **GRANTED**, and this cause of action is **TRANSFERRED** to the United States District Court for the District of Arizona, with instructions to the Clerk of Court to take all necessary steps to effectuate such transfer. The remaining motions, (Docs. 4, 19, 24), are **DEFERRED** for consideration by the U.S. District Court for the District of Arizona.

IT IS SO **ORDERED** on this 21st day of June 2023.

REGINA D. CANNON
United States Magistrate Judge